Filed 7/23/13  P. v. Edwards CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B242471 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA082822) |
| v. | |
| BRIAN DREW EDWARDS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Brian Drew Edwards, in pro. per. and Jamie Lee Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Brian Drew Edwards, a registered sex offender, sexually assaulted his niece while she was asleep. On October 12, 2011 Edwards was charged in an amended information with assault with intent to commit rape, sodomy and oral copulation (Pen. Code, §§ 220, subd. (a)(1), [1] count 1), residential burglary (§ 459, count 2) and rape of an unconscious person (§ 261, subd. (a)(4), count 3). It was specially alleged as to all counts Edwards had suffered three prior serious or violent felony convictions for residential burglary within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (§ 667.5, subd. (b)).[2] Edwards pleaded not guilty to the charges and denied the special allegations.

Represented by appointed counsel, Edwards entered an open plea of no contest to assault with intent to commit rape, sodomy and oral copulation and to burglary and admitted the special allegations on December 13, 2011.[3] Edwards entered his plea and admissions with the understanding the People would forgo amending the information to add two five-year serious felony allegations (§ 667, subd. (a)(1)), and the trial court would consider dismissing two of the alleged prior strike convictions (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); § 1385) at the sentencing hearing.

The record of the plea hearing establishes Edwards was advised of and waived his constitutional rights and was advised of and acknowledged he understood the consequences of his plea and admissions including the possibility of being sentenced to a maximum term of 28 years to life if the court subsequently denied the *Romero* motion. Counsel stipulated to a factual basis for the plea. The trial court found Edwards had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea and admissions.

---

[1]     Statutory references are to the Penal Code.

[2]     The amended information mistakenly alleged March 6, 1986, rather than March 21, 1985, as the date Edwards was convicted of burglary in Los Angeles Superior Court case number A567439. His other two burglary convictions, also alleged as prior strike convictions, were in 1986 (case No. A535754) and in 2001 (case No. GA044794).

[3]     The charge of rape of an unconscious person, count 3, was dismissed before the plea hearing.

Before the sentencing hearing, the defense filed a *Romero* motion with copies of the charging documents and police reports for Edwards's 1985 and 1986 burglary convictions; and the People filed a sentencing memorandum with copies of the charging documents and the police reports for Edwards's 2009 misdemeanor convictions for child molesting (§ 647.6, subd. (a)) and sexual battery (§ 243.4, subd. (e)(1)).

At the sentencing hearing Edwards moved to withdraw his plea, believing the trial court intended to deny his pending *Romero* motion solely on the basis of the police reports produced by the People, rather than focus on the nature of the prior strike convictions.  Explaining it intended to consider all of Edwards's prior convictions before ruling on the *Romero* motion, the court denied Edwards's motion to withdraw his plea.  After listening to the victim's statement and counsel's arguments, the court denied Edwards's *Romero* motion and sentenced him to concurrent terms of 25 years to life for assault with intent to commit rape, sodomy and oral copulation and for burglary and struck the one-year prior prison term enhancement in furtherance of justice.  The court ordered Edwards to pay a $40 court security fee, a $30 criminal conviction assessment, a $200 restitution fine and to register as a sex offender (§ 290).  The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

Edwards filed a timely notice of appeal.  He checked the preprinted box indicating his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

We appointed counsel to represent Edwards on appeal.  After an examination of the record, counsel filed an opening brief in which no issues were raised.  On January 9, 2013 we advised Edwards he had 30 days in which to personally submit any contentions or issues he wished us to consider.  After granting Edwards three extensions of time we received a typed supplemental brief on April 10, 2013 in which Edwards claimed the trial court had improperly failed to consider his mental illness (schizophrenia) in denying his *Romero* motion and alternatively suggested defense counsel had rendered ineffective assistance in failing to request Edwards undergo a comprehensive psychological evaluation prior to sentencing.

3

Section 1385 vests the trial court with discretion to dismiss a prior conviction including a qualifying strike conviction "in the furtherance of justice." (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, *People v. Williams* (1998) 17 Cal.4th 148, 158.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code, section 1385, [subdivision] (a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams,* at p. 161.)

In the *Romero* motion defense counsel described Edwards's mental illness and its relationship to his drug and alcohol abuse and criminal history in arguing the court should dismiss the 1985 and 1986 burglary convictions. The court considered defense counsel's arguments in the context of Edwards's criminal entire history, which included a conviction for residential burglary in 2001; two drug-related convictions in 1988 and 1992; and 10 misdemeanor convictions between 1991 and 2011, among them the two sex-related convictions in 2009. The court observed, although the 1985 and 1986 burglary convictions were relatively remote, Edwards continued to engage in criminal activity that escalated in severity in 2009 when he began committing burglary and other crimes involving sex offenses against young women. The court determined Edwards posed a serious danger to young women as well as to the community at large, noting he was a registered sex offender and on parole at the time of his current offenses. Under these circumstances the trial court did not abuse its discretion in concluding Edwards did not fall outside the scope of the three strikes law. (*People v. Williams, supra,* 17 Cal.4th at pp. 162-164; *People v. Carmony* (2004) 33 Cal.4th 367, 376.) Similarly, there is no support in the record for Edwards's claim his defense counsel provided ineffective

assistance at any time during the proceedings in the trial court. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)

We have examined the record and are satisfied Edwards's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


ZELON, J.